17-2108-cv
*Cheeseboro v. Little Richie Bus Serv., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,*
> > *District Judge*.

_____

Chan Cheeseboro,

> *Plaintiff-Appellant*,

v.                                                            No. 17-2108-cv

Little Richie Bus Service, Inc.,

> *Defendant–Cross-*
> *Claimant–Appellee*,

Peter Pan Bus Lines, Inc.,

> *Defendant*,

Bus Driver Joseph Risiteneau, other Joseph Risitano,

> *Defendant–Cross-*
> *Claimant*,

_____

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**"John Coe" Motor Vehicle Driver,**

*Defendant–Cross-Defendant.*

---

FOR PLAINTIFF-APPELLANT:

RALPH WHITNEY *for* Chan Cheeseboro, *pro se*, Greenville, N.C.

FOR DEFENDANT–CROSS-CLAIMANT–APPELLEE:

NICHOLAS HURZELER (Kimberly Edmonds, *on the brief*), Lewis Brisbois Bisgaard & Smith LLP, New York, N.Y.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*; Kuo, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chan Cheeseboro, proceeding *pro se*, appeals from a judgment in favor of Little Richie Bus Service, Inc. ("Little Richie") in her negligence action. In 2000, Cheeseboro was a student passenger on a Little Richie school bus that was involved in an automobile accident. After the accident, Little Richie transported the involved students to the hospital on a second bus. Years later, Cheeseboro, through counsel, sued Little Richie, claiming negligence because Little Richie's bus had not been equipped with seatbelts, which she claimed worsened her injuries. On summary judgment, conceding that the bus did in fact have seatbelts, she instead pressed a theory that a bus matron had breached her duty of care to ensure that Cheeseboro was wearing her seat belt at the time of the accident. The district court granted summary judgment in favor of Little Richie, concluding that there was no breach, and in any event, Little Richie was entitled to immunity under state law. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

On appeal, Cheeseboro primarily argues that she received ineffective assistance of counsel. But however deficient her attorney's performance was, there is no constitutional right to effective assistance of counsel in a civil case. *See, e.g.*, *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).

Cheeseboro also raises various new and undeveloped challenges to the district court's grant of summary judgment to Little Richie. The district court concluded that summary judgment was proper because Cheesboro failed to dispute any material fact with respect to either (1) whether Little Richie breached a duty of care owed to her, or (2) whether Little Richie is entitled to immunity under New York Education Law § 3813(4). She fails meaningfully to challenge the second ruling, which alone is a sufficient ground on which to affirm.

Section 3813(4) provides as follows:

> In any action for personal injuries by a passenger on a school bus against a . . . school bus operator under contract with a school district, . . . no such person shall be held liable solely because the injured party was not wearing a seat safety belt; provided, however, that nothing contained herein shall be construed to grant immunity from liability for failure to . . . comply with applicable statutes, rules or regulations.

3

N.Y. Educ. Law § 3813(4). Cheeseboro asserts that Little Richie should not be entitled to immunity because it chose to send a second school bus rather than ambulances to transport the students to the hospital after the accident. This argument is raised for the first time on appeal, however, and only in unusual cases do we address arguments raised for the first time on appeal. *See, e.g.*, *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Moreover, Cheeseboro identifies no statute, rule, or regulation that Little Richie's decision violated, nor does she provide any other basis on which to disturb the district court's immunity ruling. Little Richie was therefore entitled to summary judgment.

We have considered Cheeseboro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4